CRISPEN OGLEBAY, Appellant, v. PRODUCE EXCHANGE BANK and H. D. PATEE, Respondents.

Kansas City Court of Appeals, May 5, 1913.

LANDLORD AND TENANT: Injunction: Garnishment. Plaintiff brought suit before a justice under the Landlord and Tenant Act for possession of premises and rent due. After several continuances in which the defendant, though served, did not appear, the justice rendered judgment for the rent but described no premises nor found that defendant was in possession thereof. Two days later defendant appeared and moved to set aside the default judgment which was sustained and the judgment was set aside and case reset for trial. The justice also recalled an execution he had issued and also released a garnishee which had been summoned. The garnishee being about to pay what it owed to the defendant, the plaintiff brought an injunction suit against defendant and garnishee in which judgment for the rent against the tenant was asked "to the exclusion of any further proceeding before the justice" and both the tenant and bank were sought to be restrained from removing tenant's deposit from said bank on the ground that, under the Landlord and Tenant Act, the justice had no power to set aside the default judgment. *Held*, that plaintiff's injunction suit could not be maintained since, by afterwards appearing in the justice court and agreeing to a continuance and taking a change of venue and then obtaining judgment against the tenant for the rent and for possession, he consented to and acquiesced in the setting aside of the former judgment and is not now in a position to claim that the first judgment is still in force.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn,* Judge.

AFFIRMED.

*W. F. Riggs* for appellant.

*Noyes & Heath* for respondents.

TRIMBLE, J.—Injunction to restrain defendant Patee from withdrawing, and the defendant Produce Exchange Bank from paying to him, a deposit in said bank to the credit of said Patee. The controversy over the right of the bank to pay, and of Patee to receive, this deposit arose out of the following circumstances:

Oglebay and Jones, partners, brought a landlord's suit for rent and possession of premises against Patee before a justice of the peace. Summons was issued and served, returnable December 30, 1910. The justice's record nowhere recites that defendant appeared, but shows that on the date above stated the cause was continued to a later date and then continued to January 10, 1911, at which time the death of Jones was suggested and Oglebay as surviving partner made sole plaintiff pursuant to section 7474, Revised Statutes of 1909. Thereupon the case was twice continued, the last time until January 23, 1911. On this date according to the justice's record, the plaintiff appeared but "defendant, though called, comes not but makes default." The case was thereupon called for trial, the evidence heard, the cause submitted and judgment rendered for $112.50 for rent and for "possession of described property" though no property is described in the judgment nor finding that defendant is in possession thereof. Five days later, or on January 28, 1911, plaintiff caused an execution to issue on said judgment for the $112.50 and for costs and directed

Oglebay v. Bank.

the constable to serve notice of garnishment on the defendant bank, which was done on the same day, and made returnable February 8, 1911. The above execution was not one for possession of any property and for the debt and costs as required by section 7906 of the Landlord and Tenant Act but was merely for the $112.50 debt and costs. On January 30, 1911, two days after the issuance of the execution and notice of garnishment, and seven days after the rendition of judgment by the justice, the defendant appeared before the justice and filed a motion to set aside the judgment. Plaintiff's counsel was present when the motion was filed, and defendant Patee called his attention to it, but plaintiff's counsel left the room before the justice could act thereon. The justice thereupon sustained the motion and set aside the judgement as a judgment by default upon defendant's paying the costs, said justice doing so under section 7478, Revised Statutes of Missouri 1909, governing procedure in justice courts generally. The justice also reset the case for trial February 6, 1911, and revoked the execution already issued pursuant to the method prescribed by sections 7478 and 7572, Revised Statutes of Mo. 1909, governing the general procedure in justice courts. Both the justice and the constable, in writing, notified the bank garnishee that said garnishment was released.

The next day, January 31, 1911, plaintiff brought this injunction suit to prevent the bank from paying said deposit to Patee. The theory of the plaintiff is that the justice had no power to set aside the judgment rendered January 23, 1911, since there is no statute granting him that power in the Landlord and Tenant Act, and that section 7478 authorizing a justice to set aside a judgment by default, on the application of the aggrieved party made within ten days and on the payment of all costs then accrued, does not apply to a suit under the Landlord and Tenant Act. In other

words, plaintiff claims the order setting aside the judgment was void and that the original judgment still stands and consequently the revoking of the execution and release of the garnishment thereon were nullities.

The chancellor who heard the injunction suit refused to grant the same and dismissed plaintiff's bill. It would appear that he could not well do otherwise. If the act of the justice in setting aside the default judgment was void and of no effect, it would seem that the justice could be compelled in a proper proceeding to reissue his execution and notice of garnishment, and that the bank in such case would pay out the money at its peril if it insisted on doing so after being notified of the situation. So that upon the determination of such proceeding against the justice, if plaintiff is correct in his view that the setting aside of the judgment was void, plaintiff would still be entitled to judgment in the garnishment proceedings against the bank no matter whether it had paid the deposit to Patee or not. In other words, did not plaintiff have an adequate remedy at law to obtain the benefit of his garnishment without proceeding in equity against the bank? This suit is not to reinstate the execution or to compel its issuance or the renewing of the garnishment. It does nothing to the proceeding in the justice court but leaves it as it appears therein, with a default judgment set aside and the execution revoked, and seeks to prevent the bank from paying to Patee what it owes him. In fact the petition for injunction seems to attempt to substitute a cause of action against Patee for the rent in place of the suit in the justice court and asks judgment against him for $112.50 for rent and prays that said cause of action between plaintiff and Patee be determined "to the exclusion of any further proceedings before said justice." Is not this an attempt to sue defendant Patee for the rent and restrain the bank from paying him the deposit until judgment can be obtained against him? In other words

is not plaintiff in the anomalous position of seeking in this cause to obtain a judgment against Patee for the rent while in the same breath he is asking that both Patee and the bank be enjoined and restrained because plaintiff already has a valid judgment for the rent?

Again, plaintiff is hardly in a position to claim that the judgment of the justice was not set aside. Because, although the day after the justice attempted to set aside same, the plaintiff brought this suit claiming such action was of no force, yet on February 6, 1911, the day the case was reset by the justice, the cause was continued to February 15, 1911; and on said date the case was continued *by agreement* to March 1, 1911, and then on said last named date *plaintiff took a change of venue to another justice.* The cause was set for trial before this other justice on March 6, 1911, and on that date continued *by agreement* to March 8, 1911. At which time plaintiff obtained a judgment for rent in the sum of $100 and for the possession of premises specifically described. So that, whether the first justice had or had not power to set aside the default judgment rendered before him, plaintiff seems to have acquiesced therein and consented thereto, or at least recognized its validity by appearing afterwards and agreeing to a continuance of the case, then taking a change of venue and trying the case over and getting a judgment for $100 and garnisheeing the bank under that judgment. Under such circumstances ought he to be heard now to say that the first judgment was not set aside but was in force at all times after its rendition?

We think not. Affirmed. All concur.